Monell, J.
An action has been commenced in the name of the Hudson River West Shore Railroad Company, against Allen Hay and others, to enforce a liability of the defendants to the plaintiffs.
A motion is now pending on the part of the defendants for a permanent stay of proceedings in such action, on the ground that it is brought without the direction or authority of the railroad company.
The depositions now sought to be obtained, are for use upon such motion.
It appears from the affidavit of Mr. McDonald, who describes or represents himself therein, as the “ attorney for the plaintiffs,” that the authority, and the only authority, he has for instituting the action in the name of the plaintiffs,, is derived from certain persons who claim to be the persons rightfully in control of the *193 railroad company, for the reason that they are named in the original articles of incorporation, as the directors of the company, and have never been removed.
It is then further alleged, that the defendants, Hay and others, claim to be the persons in control of the corporation, as having been elected directors thereof, in place of the persons represented by such attorney.
Mr. McDonald then states, that the subjects upon which he desires to examine the defendants are as to what took place at certain alleged meetings of the directors and shareholders of the company; that the entire question in dispute turns upon the facts which occurred at those alleged meetings; • that the said persons represented by said attorney claim that they were not ousted by any proceeding which took place at either of said alleged meetings, and that they are still the directors of the said corporation; and that they bring this action in the name of the said corpora: tion against the defendants, Hay and others, for the recovery of certain moneys, the proceeds of property of said corporation sold by said defendants.
It is not claimed that the action is instituted by the direction, under the authority, or with the consent of the nominal plaintiffs, the railroad company;. but it is alleged to have been brought, in the name of such company, by the direction of the persons claiming to be the directors thereof, and whose claim is founded upon some illegality or irregularity in the election of their successors.
Although the action is ostensibly to enforce a liability of the defendants to the railroad company, it in reality is to try the title of the defendants to their office as directors.
The usual mode of trying such questions is by action under section 433, subdivision 1,. of the Code, as substituted for the former proceeding by informa *194 tion or writ of quo warranto. Such action must be brought by the Attorney General, in the name of the people, upon his own information, or upon the complaint of any private party, and may be against any person who shall “usurp, intrude into, or unlawfully hold or exercise any . . . office in a corporation created by the authority of this State.”
A summary mode- of testing the legality or regularity of an election of directors of a corporation, is also provided by statute (1 Rev. Stat., 603, § 5). Upon the complaint of any person or persons aggrieved by any election, the Court may proceed forthwith, and in a summary way inquire into the matter, and give such relief as right and justice may require.
I am not aware of any other mode of questioning the legality of an election than those above referred to, and the modes referred to are necessarily, I think, exclusive.
The defendants, Hay and others, are de facto the directors of the railroad company, and, until it has been otherwise adjudged in a proper action or proceeding, they are also de jure directors, and have the control, custody, and lawful right to the franchises and property of the company, if o other person or persons can exercise any authority whatever over such franchises or property, or give any direction, or consent, for their recovery or custody. Corporations act exclusively by and through their officers, and they can act in no other way; and it is very clear, I think, that without the authority of the corporation, -obtained through its officers, who for the time represent and can bind the corporation, any usurpation of its corporate name for any purpose whatever, and by any person or persons whomsoever, is unlawful, and can give to the persons so usurping, no standing whatever, in any .court of justice. .
*195 The persons who complain that they have been illegally or improperly ousted from their office, cannot gain the end of being reinstated in' office, in the manner proposed by this action. They are out of office, and whether rightfully out or otherwise, they are not the agents or representatives of the corporation. They must get back into office first, in some of the modes prescribed by law; and then they may commit the corporation to the prosecution of any action at law or' otherwise.
The authority of an attorney to appear for a party to an action will usually be presumed, and the court will not ordinarily call it in question. But the court has the power to' do so, and will, in a proper case (Ninety-nine Plaintiffs v. Vanderbilt, 4 Duer, 632 ; Same v. Same, 5 Id., 643 , Doe v. Roe, 3 Dowl. [O.S.], 496 ; Dupen v. Keeling, 4 Car. & P., 102 ; Kobson v. Eaton, 1 Term R., 62). And where it clearly appears, as it does in this case, that the attorney has no authority whatever, derived from the party he represents, to institute the action, it may be proper to arrest the proceeding and'stay its further prosecution.
As the avowed .object in taking the defendants’ depositions, is to obtain evidence in aid of the claim to office set up by the ousted directors, I do not think they should be required to submit to the examination. I do not see in what manner it can assist Mr. McDonald in showing an authority to prosecute the action. Even should their evidence disclose some irregularity or illegality in the election of the defendants, it could not be made available in this action. Nor can I perceive any purpose, commending itself to my approbation, for which such evidence can be used,, I must therefore regard it as an attempt to obtain evidence not necessary or proper in the pending action, but to be used in some other action not. as yet brought.
*196 The decision of the general term of this court merely covers the right to examine a party, and does not restrict the power of the court to determine as to the propriety of the examination.
The motion must be denied, with costs.